WOOD, *ex dem.* ELMENDORF, *against* LIVINGSTON.

In ejectment, where A. claimed title under J. S., and B. also claimed title under a deed from J. S. and others, as trustees of the town of R., settling the boundary line of the disputed premises, it was held that J. S. was bound, in his individual capacity, to the line so agreed to and settled by him as a trustee, and which he had covenanted to maintain; and that such deed of settlement was a bar to the claim of A.

THIS was an action of ejectment for land in the town of *Neversink,* in the county of *Sullivan.* The cause was tried at the *Ulster* circuit, in *November,* 1812, before Mr. Justice *Van Ness.*

The plaintiff gave in evidence, 1. A patent dated the 25th of *June,* 1703, to *Henry Beekman, Joachim Schoonmaker,* and *Moses Depuy,* as trustees for the town of *Rochester;* 2. A patent to the trustees of *Marbletown;* 3. The *records* of the town of *Rochester,* by which it appeared that *Jacob Hornbeck, Andries Dewitt,* and *Jacobus Van Wagenen,* were trustees of *Rochester,* and *Elias* and *Ephraim Depuy,* freeholders, elected for one year, from the first *Tuesday* of *June,* 1767; and a conveyance to them from the trustees of the former year, of all lands within the patent not sold; 4. A conveyance from the said *Hornbeck, Dewitt,* and *Van Wagenen,* as *trustees* of *Rochester,* with the advice and consent of *Elias* and *Ephraim Depuy,* to *Joachim Schoonmaker,* jun. dated 19th of *December,* 1768; 5. A deed from *Joachim Schoonmaker,* jun. the said grantee, to *Lucas Elmendorf,* the lessor of the plaintiff, for the same premises and other tracts, dated the 15th of *January,* 1805. The plaintiff then produced several witnesses to show the bounds of the lands so conveyed, &c. but it is thought unnecessary to state their testimony.

The defendant gave in evidence a partition deed of the proprietors of the *Hardenbergh* patent, dated the 15th of *November,* 1749, whereby great lot No. 4. in the said patent was released to *Robert Livingston* and *Gulian Verplanck;* and also a release of the said lot No. 4. to the said *Livingston,* dated the 12th of *December,* 1749. He also proved that he was the heir at law of the said *Robert Livingston.* He further gave in evi-

dence a deed from *Jacob Hornbeck*, *Andries Dewitt*, and *Joachim Schoonmaker*, jun. styling themselves *trustees* of the lands, &c. of the town of *Rochester*, and *Benjamin Hornbeck*, *Hendrick Hornbeck*, and *Johannes Ousterhoudt*, jun. dated the 13th of *February*, 1778, reciting that doubts had arisen between the trustees of the town of *Rochester* and the proprietors of the *Hardenbergh* patent, relative to the true bounds of the town of *Rochester*, and in order to remove those doubts, &c. the parties of the first part released to the parties of the second part all the lands southwest and northwest of an agreed line then fixed, mutually concluded on, and run, &c. which line, it was admitted, was several miles to the southeast of the premises in question. The defendant also gave in evidence the records of the town of *Rochester*, by which it appeared that the parties of the first part named in the said deed of settlement, were the trustees and freeholders of the town at the date of the said deed, and that an entry of this settlement was made in the records, and a memorandum that the deed to *Joachim Schoonmaker*, jun. was void, and that the consideration money had been returned to him.

The judge being of opinion that the deed of settlement of the 13th of *February*, 1778, was a bar to the plaintiff's recovery, he consented to a nonsuit, with liberty to move the court to set it aside, and for a new trial.

*Sudam*, for the plaintiff. He cited 2 *Term Rep.* 169. 2 *Johns. Cases*, 278.

*P. Ruggles*, contra.

*Per Curiam.* The plaintiff claims title under a deed from *Joachim Schoonmaker*, jun. bearing date in 1805; and the defendant claims title under a deed of settlement and release, from the same *Schoonmaker* and others, as trustees of *Rochester*, bearing date in 1778. This last-mentioned deed was a solemn settlement of the line between the *Rochester* and *Hardenbergh* patents; and *Schoonmaker* was bound in his private capacity, to the line so settled by him as trustee. Justice and good faith hold him to this recognition of the line by the deed of 1778, notwithstanding he acted as a trustee for the town. He cannot acknowledge a line in one capacity, and then be permitted to

ALBANY,
Jan. 1814.

WOOD
v.
LIVINGSTON.

ALBANY,
Jan. 1814.

deny it in another; and especially, as in the deed of 1778 he bound himself, individually, by covenants to the maintenance of that line.

Motion denied.